**Naji Antoine MEHANNA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 12–70346.**

United States Court of Appeals, Ninth Circuit.

Submitted March 17, 2016.*

Filed March 21, 2016.

Naji Antoine Mehanna, Henderson, NV, pro se.

Peter L. Ashman, Law Offices of Peter L. Ashman, Las Vegas, NV, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Manuel Palau, U.S. Department of Justice, Washington, DC, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Naji Antoine Mehanna, a native and citizen of Lebanon, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We review the BIA's denial of a motion to reopen for abuse of discretion. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir.2008). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. The BIA acted within its discretion when it concluded that Mehanna failed to show a change in conditions in Lebanon that would excuse the tardiness of his motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii). Neither the newly submitted country reports nor Mehanna's expert report are "quantitatively different" from the reports Mehanna submitted in 1998, when Mehanna originally appeared before an Immigration Judge. *Najmabadi v. Holder*, 597 F.3d 983, 987–90 (9th Cir.2010) (finding that more recent country reports describing conditions similar to those found in previous report failed to show sufficient change in country conditions). The newly submitted evidence shows the continuing influence of Hezbollah in Lebanon, but does not support Mehanna's assertion that changed circumstances in Lebanon and his former membership in the Lebanese Special Forces "will imperil him upon his return to Lebanon." *See also Arbid v. Holder*, 700 F.3d 379, 386 (9th Cir.2012) (holding that substantial evidence supported the BIA's determination that a Lebanese petitioner persecuted in the late 1990s for anti-Syrian views had failed to show a probability he would be tortured if returned to Lebanon after the Syrian military's withdrawal from Lebanon and the emergence of an anti-Hezbollah majority in the legislature).

2. Nor did the BIA abuse its discretion in concluding that Mehanna's new reports were not material. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The new evidence Mehanna submitted, including his expert report, is not material because it "simply recounts generalized conditions in [Lebanon] that fail to demonstrate that [Mehanna's] predicament is appreciably different from the dangers faced by [his] fellow citizens." *Najmabadi*, 597 F.3d at 990 (internal citations omitted); *see also Toufighi*, 538 F.3d at 996–97 (finding evidence immaterial to petitioner's claim where petitioner failed to show how he would be affected by the changed conditions described in the evidence).

3. We lack jurisdiction to review the BIA's decision not to reopen proceedings *sua sponte* based on Mehanna's marriage to a United State citizen. *See Go v. Holder*, 744 F.3d 604, 609–10 (9th Cir.2014). Additionally, Mehanna has waived any claim regarding the BIA's decision by failing to address it in his opening brief. *See Lopez–Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir.2013).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.